By the Court
 

 (Marshall, C. J.). This is an origi-
 

 nal action filed in this court praying a writ of mandamus against the hoard of elections of Stark county to require them to prepare the necessary ballots and submit to the electors of the city of Massillon, Stark county, Ohio, at the election to be held on November 4, 1930, an initiated ordinance of said city of Massillon, for their approval or rejection.
 

 The initiated ordinance, under the law, would be printed on a separate ballot. The initiative petition was filed with the auditor of the city of Massillon forty-two days prior to November 4,1930. The auditor retained the initiative petition for the period of eleven days, and then certified the petition to the board of elections of Stark county, in which the municipality of Massillon is located. The petition reached the board of elections thirty-one days before November 4.
 

 It is contended by the defendants that the ordinance may not be submitted to the voters of the city
 
 *592
 
 of Massillon, unless the initiative petition reached the board of elections forty days before, the election.
 

 The sole question for determination is whether, under the provisions of Section 4227-1, General Code, the petition must be filed with the board of elections forty days before November 4, 1930, or whether it is sufficient if the petition was filed with the city auditor within that time. The pertinent part of Section 4227-1 provides: “When there shall have been filed with the city auditor if it be a city, or village clerk if it be a village, a petition signed by the aforestated required number of electors proposing an ordinance or other measure, said city auditor or village clerk shall, after ten days, certify the petition to the board of deputy state supervisors of elections of the county wherein such municipality is located. Said board shall submit such proposed ordinance or measure for the approval or rejection of the electors of such municipal corporation at the next succeeding regular or general election, in any year, occurring subsequent to forty days after the filing of such initiative petition.”
 

 It will be seen that, in order to hold the election on November 4, 1930, the petition must have been filed forty days before that date. The statute does not state where, or with what officer or board, it must be filed, and this court is therefore called upon to interpret the statute to determine which officer or board is referred to. The statute does not say that it must have been certified forty days before the election, but says it must have been filed forty days before the election. Having used the word “filed” in connection with the deposit of the petition with the auditor, and not having used that word in the certifi
 
 *593
 
 cation from the auditor to the board of elections, it seems more reasonable that the act of filing refers to the deposit of the petition with the city auditor.
 

 The writ will therefore be allowed.
 

 Writ allowed.
 

 Kinkade, Jones, Day and Allen, JJ., concur. Robinson and Matthias, JJ., not participating.